IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| NTP, INC., <br>                          Plaintiff, <br> v. <br> T-MOBILE USA, INC., <br>                          Defendant. | Action No. 3:07–CV–548 |
| NTP, INC., <br>                          Plaintiff, <br> v. <br> CELLCO PARTNERSHIP, <br>                          Defendant. | Action No. 3:07–CV–549 |
| NTP, INC., <br>                          Plaintiff, <br> v. <br> AT&T MOBILITY, LLC, <br>                          Defendant. | Action No. 3:07–CV–550 |
| NTP, INC., <br>                          Plaintiff, <br> v. <br> SPRINT NEXTEL CORP., <br>                          Defendant. | Action No. 3:07–CV–551 |

<u>MEMORANDUM OPINION</u>

THIS MATTER comes before the Court on Motions to Stay filed by the defendants in the above-styled actions. Since the arguments in favor of those Motions and plaintiff NTP, Inc.'s replies to the defendants' contentions are virtually identical, the Court will dispose of all

four motions in this Opinion. For the reasons stated below, the Motions shall be GRANTED, and these actions shall be STAYED.

I.

On September 7, 2007, NTP, Inc. filed separate suits in this Court against T-Mobile USA, Inc., Cellco Partnership, AT&T Mobility, LLC, and Sprint Nextel Corp, alleging the infringement of eight patents.[1] Several of those patents were the subject of a suit filed in this Court by NTP against Research in Motion, Ltd. In December 2002, after a jury found that Research in Motion infringed NTP's patents, the United States Patent & Trademark Office ("PTO") initiated re-examination of six of the patents. In April and September of the following year, the PTO granted petitions by Research in Motion to re-examine the other two patents. In 2006, the PTO issued final office actions rejecting the pending claims of each of the eight patents on the basis of prior art that was not litigated in NTP's suit against Research in Motion. NTP appealed those findings to the PTO's Board of Patent Appeals and Interferences ("BPAI"), and those appeals are currently pending.

After the PTO issued its findings, NTP sued Palm, Inc. in this Court, alleging that Palm infringed seven of the patents involved in these actions. Subsequently, Palm asked the Court to stay that action, a motion that the Court granted. See NTP, Inc. v. Palm, Inc., No. 3:06–CV–836 (E.D. Va. Mar. 22, 2007). The Court noted that (1) the suit was in its early stages, as discovery was not yet complete; (2) NTP's patents might ultimately be found invalid,

---

[1] The patents-at-issue are U.S. Patent Numbers 5,438,611; 5,479,472; 5,436,960; 5,625,670; 5,819,172; 6,067,451; 6,317,592; and 5,631,946. Those patents cover technology used in wireless communication systems.

precluding NTP from prosecuting its claims, or that the patents might be affirmed in part, clarifying the scope of NTP's claims; and (3) staying the suit would not irreparably harm NTP, since it could seek damages for any infringement that occurred during the stay. See id. at 4–6.

## II.

The defendants in these suits rely heavily on the Court's decision in Palm. They urge the Court to stay these suits because (1) they are in an early stage, as none of the defendants have filed responsive pleadings; (2) a stay would conserve judicial resources by simplifying these suits, either by invalidating some of NTP's pending claims or clarifying the scope of NTP's valid claims; and (3) a stay would not unduly prejudice NTP, which could recover damages for any infringement of its patents that occurs during the stay.

NTP argues that Palm does not dictate the entry of a stay. First, when the Court stayed Palm, NTP was defending a suit by Oren Tavory, a person claiming that he was the inventor of the patents at issue in these actions. The Court's resolution of that suit established that NTP owns the patents. See Tavory v. NTP, Inc., 495 F. Supp. 2d 531 (E.D. Va. July 17, 2007). In light of that ruling, NTP argues, its claim to the patents-at-issue is stronger than it was at the beginning of this year. Second, NTP argues that the defendants in these suits are likely to re-litigate claims upheld by the PTO; thus, entering a stay would not conserve judicial resources. Third, NTP argues that the re-examination proceedings, including any appeals of the PTO's conclusions to the Federal Circuit, may last until 2011, when the patents-at-issue will nearly have expired. Thus, NTP argues that a stay would unduly prejudice its right to enforce patents that – as of the time it filed these suits – are valid. Finally, NTP argues that, if the Court stays

Case 3:07-cv-00550-JRS-DJN   Document 25   Filed 11/02/07   Page 4 of 6 PageID# 628

these suits, the stay should be subject to several conditions, including an agreement by the defendants to be bound to the outcome of the proceedings before the PTO.

III.

The Court's power to control its docket gives it the authority to stay proceedings before it, Landis v. N. Am. Co., 299 U.S. 248, 254 (1936), including proceedings that may be affected by a pending re-examination of a patent-in-suit by the Patent and Trademark Office, see Viskase Corp. v. Am. Nat'l Can Co., 261 F.3d 1316, 1328 (Fed. Cir. 2001); see also Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir. 1988) (explaining that the statute creating the re-examination procedure does not expressly authorize a court to stay proceedings in light of a pending re-examination because Congress believed that the power to do so "already resides with the [c]ourt") (quoting 1980 U.S.C.C.A.N. 6463); Robert H. Harris Co. v. Metal Mfg. Co., 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark.1991) (noting that "[t]he legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays").

The Court has previously stayed similar proceedings after considering whether (1) discovery was complete and a trial date was scheduled; (2) a stay would have simplified the matters at issue; and (3) a stay would have unduly prejudiced or clearly disadvantaged the non-moving party. NTP, Inc. v. Palm, Inc., No. 3:06–CV–836 (E.D. Va. Mar. 22, 2007) (Spencer, J.) (citing Tap Pharm. Prods., Inc. v. Atrix Labs, Inc., 70 U.S.P.Q.2d 1319, 1320 (N.D. Ill. 2004)). That approach is consistent with rulings by the Federal Circuit that staying proceedings may be appropriate in order to narrow the scope of the dispute, obtain guidance

from the PTO,  avoid reaching a result inconsistent with findings by the PTO, or prevent the waste of judicial resources.  See MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 563 (E.D. Va. July 27, 2007) (Friedman, J.) (citing three opinions by the Federal Circuit).

Applying that test, the Court concludes that a stay is warranted in these four actions.  First, trial dates have not been scheduled and discovery has not yet begun.  In fact, none of the defendants have filed any responsive pleadings.  Since these actions are in an even earlier stage than was the suit filed by NTP against Palm when it was stayed, this factor favors staying these actions.

Second, the outcome of the re-examination proceedings by the PTO will greatly assist the Court in evaluating NTP's claims against these defendants.  Not only will the PTO's findings indicate whether these suits should proceed, the findings will clarify which of the nearly two thousand claims at issue in these suits the Court must address.  At oral argument, counsel for one of the defendants suggested that preparing to try these suits before the re-examination proceedings are complete would be like trying to hit a moving target, without knowing even what the target looks like.  That comparison is apt.  Since the PTO will likely invalidate at least some of the claims covered by the patents-at-issue, waiting for the PTO to complete its review will help the Court identify which of those claims need to be litigated,  simplifying the resolution of these suits.  Accordingly, this factor also suggests that a stay is appropriate.

Finally, a stay will not cause irreparable harm to NTP.  By filing these suits, NTP is eligible to recover damages for any infringement of the patents-at-issue that occurs while the re-examination is proceeding (provided that the PTO – and the Federal Circuit, if NTP appeals

any findings by the PTO – conclude that any of the patents-at-issue are valid). Even though the Court is dismayed by the pace of the re-examination proceedings, their conclusion is closer now than it was when the Court stayed Palm. Thus, staying these suits poses no greater risk of undue prejudice to NTP than did the stay in Palm.

Additionally, the Court declines to condition the stay on the defendants' acceptance of the PTO's findings. None of the defendants asked the PTO to re-examine the patents-at-issue. Nor have they participated in the re-examination proceedings or had any other opportunity to challenge NTP's pending claims. Moreover, if the BPAI validates any of those claims, the defendants will not be able to appeal that decision to the Federal Circuit. Accordingly, due process precludes the Court from requiring the defendants to bind themselves to the outcome of those proceedings.

However, the Court concludes that taking measures to preserve the evidence relevant to these actions would be appropriate, and it shall fashion an appropriate Order.

IV.

For the reasons stated above, these actions shall be STAYED. It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this __2nd__ day of November 2007